**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LINDSEY DOUGLASS** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **LEXINGTON INSURANCE COMPANY,** | § | |
| **ANTONE JONES and STEVELYN** | § | |
| **WRIGHT** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant LEXINGTON INSURANCE

COMPANY ("Lexington") files its Notice of Removal to the United States District Court for the

Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount

in controversy, and respectfully shows the following.

**I.**

**Factual Background**

1.    On or about January 21, 2016, Plaintiff Lindsey Douglass ("Douglass") filed her

Original Petition in a case styled *Lindsey Douglass v. Lexington Insurance Company, Antone*

*Jones and Stevelyn Wright*, Cause No. 16-DCV-229391, pending in the 268th Judicial District

Court for Fort Bend County, Texas.

2.    The Texas Insurance Commission received service of the Original Petition on

Lexington's behalf on February 11, 2016.  Defendants Lexington and Antone Jones ("Jones")

filed their Original Answer to Plaintiff's Original Petition on March 21, 2016.  Citation on Defendant Stevelyn Wright ("Wright") has never been served, and she has not appeared.

3.      Lexington files this notice of removal within 30 days of this case becoming removable and within one year from the commencement of the action.  *See* 28 U.S.C. §1446(b) and (c).

4.      Attached hereto are copies of the following documents:

- **Exhibit A:**  Index of matters filed with attached State Court Clerk's file including processes, pleadings, and orders served in State Court case, and a copy of the State Court Docket Sheet;

- **Exhibit B:**  List of Parties and Counsel.

## II.

## Basis For Removal

5.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

## Plaintiff and Lexington Are Diverse

6.      Upon information and belief, Plaintiff, Lindsey Douglass, was a resident of the state of Texas at the time the lawsuit was filed.

7.      Lexington is, and was at the time the lawsuit was filed, incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts.

8.      Co-Defendants, Jones and Wright, are not properly joined as parties to this lawsuit.  Jones, the non-diverse defendant, is a citizen of the state of Texas, and Wright, an additional diverse defendant, is a citizen of the state of North Carolina.

a.    **Co-Defendants, Jones and Wright, have been improperly joined in** **this lawsuit.**

9.    A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999).  Lexington would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*.  385 F.3d at 573.  Neither Jones, the non-diverse defendant, nor Wright, an additional diverse defendant, committed any torts in their individual capacities.

10.   The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id*.  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).  Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant [Jones] does not mean that the joinder of the resident defendant is not fraudulent . . . ."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7

(S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10– 4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

11.     Here, Plaintiff fails to offer any specific facts in support of her claims against Jones, the non-diverse defendant, and Wright that are distinct from Plaintiff's claims against Lexington, and therefore fails to state a viable state law claim against Jones and Wright, individually. *See Okenkpu,* 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.,* 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.,* 2011 WL 240335, *14 (S.D. Tex. 2011)).

12.     Plaintiff's allegations against Jones and Wright are conclusory, in that they contain no reference to any material facts to which the law should apply.  Aside from alleging that Jones and Wright were assigned by Lexington to adjust the claim, Plaintiff's only factual allegations that apply specifically to Jones and Wright are the generic and conclusory allegations that Jones and Wright: (1) improperly adjusted the claim; (2) failed to fully quantify the damages and made errors in estimating the value of the claim, thereby failing to adequately compensate

Plaintiff for the alleged loss; and (3) made unspecified misrepresentations to Plaintiff regarding coverage for the claim.  Just as in *Okenkpu* cited above, Plaintiff's Original Petition "fails to specify any statements which Plaintiff considers being misrepresentations or fraudulent, Plaintiff does not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

13.     Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Jones or Wright. *Griggs*, 181 F.3d at 699-701; *Keen*, 875 F.Supp.2d at 686 (because Plaintiff's claims against the adjuster are identical to his claims against the insurer, Plaintiff fails to adequately state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

14.     Further, without asserting facts as to how Jones and Wright individually, and not as independent adjusters assigned by Lexington, committed an actionable *violation* of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.  See *Bell Atlantic Corp. vs. Twombly*, 550 U.S. 544, 555  (2007).  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).   Here, the alleged harm is Lexington's failure to pay the claim.

15.     "[T]o state a valid state law cause of action, Plaintiff's Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."  *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)).  However, it fails to do so.  Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.  *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).  It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he/she theoretically could have possibly violated the Insurance Code.  *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages).  The Court noted the expert's testimony that the software was widely used and explanation as to how he derived the figures in his estimate "did not in itself make the figure unreasonable."  *Id.* at 627-28.  This, however, is precisely the pleaded claims against Jones and Wright in the Original Petition.  As pleaded, these claims are not actionable, and the claims against Jones are asserted only in an attempt to defeat diversity jurisdiction.

16.     The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Lexington owes Plaintiff any amount for a covered loss.  Plaintiff's claims are for economic losses against Lexington, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law.  Therefore, Plaintiff's assertions against Jones, the non-diverse defendant and Wright, a diverse Defendant, fail to show any likelihood of recovery against Jones and Wright, individually.  The citizenship of the non-diverse Defendant Jones, therefore, is disregarded and removal of this case is proper.

    **b.     The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

17.     As alleged in her Original Petition, Plaintiff stipulates that the she seeks monetary relief between $100,000 and $200,000.  *See* Plaintiff's Original Petition, paragraph 7 (**Exhibit A**).  Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.

### <u>The Removal is Procedurally Correct</u>

18.     This Notice of Removal is timely.   At the time this action was originally filed, the case was not removable because of binding precedent from the Court which held that the state pleading standard rather than the federal pleading standard applies when determining whether a plaintiff has stated a claim against a non-diverse defendant.  *See, e.g., Garza v. Scottsdale Ins. Co.*, No. 2:15-CV-149, 2015 WL 3756917, *2 (S.D. Tex. June 16, 2005) ("This Court has previously observed that courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than the federal standards"); *Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, *3 (S.D. Tex.  Feb. 1, 2012) ("As this Court has held before, it is Texas' "fair notice" pleading

standard, and not the federal pleading requirements, that plaintiffs must meet in defeating a fraudulent joinder allegation"). Under this controlling law, there was no reasonable basis for removing this case to federal court when it was served on Defendant Lexington Insurance Company in late January 2016. On March 31, 2016, the Fifth Circuit issued its opinion in *International Energy Ventures Mgmt., LLC, v. United Energy Group, Ltd.*, __ F.3d. __, 2016 WL 1274030, *9 (5th Cir. 2016). In that case, the Fifth Circuit held that a "federal court must apply the federal pleading standard" to achieve uniformity among the district courts in the Fifth Circuit and "ensure that the scope of federal subject matter jurisdiction does not differ serendipitously from state to state and district to district, because of nothing more than an accident of geography." Under the federal pleading standards, Plaintiff's petition does not state a cause of action against the non-diverse defendant Jones, and defendant Jones is improperly joined and this case became removable. Because this Notice of Removal is being filed within 30 days after the case became removable and within one year from the commencement of the action, the removal is timely under 28 U.S.C. § 1446(b) and (c).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Lexington files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22.    Promptly after Lexington files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Fort Bend County District Court pursuant to 28 U.S.C. §1446(d).

23.    Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Jones consents to this removal.   Wright has not been made a defendant.

## IV.

### Conclusion

24.    Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Lexington hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:    _/s/ Jennifer M. Kearns_
**Jennifer M. Kearns**
State Bar No. 24049865
Southern District No. 1127140
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**
**LEXINGTON INSURANCE COMPANY and**
**ANTONE JONES**

Case 4:16-cv-01195   Document 1   Filed in TXSD on 05/02/16   Page 10 of 10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of May, 2016, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure and any applicable Local Rules, as follows:

Daniel P. Barton
dbarton@bartonlawgroup.com
Wayne D. Collins
wcollins@bartonlawgroup.com
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007

Robert D. Green
green@greentriallaw.com
Hunter M. Klein
klein@greentriallaw.com
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana Street, Suite 1930
Houston, Texas 77002

         /s/ *Jennifer M. Kearns*
         Jennifer M. Kearns

07542.057
- 10 -