IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDSEY DOUGLASS | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| ANTONE JONES and STEVELYN | § | |
| WRIGHT | § | |
| | § | |
| Defendants. | § | |

## INDEX OF MATTERS BEING FILED

Exhibit A:    Index of matters filed with attached State Court Clerk's file including processes, pleadings and orders served in State Court case and copy of State Court Docket Sheet

Exhibit B:    List of Parties and Counsel

**EXHIBIT A**

### CASE NO. 16-DCV-229391
### LINDSEY DOUGLASS VS LEXINGTON INSURANCE COMPANY, ANTONE JONES AND STEVELYN WRIGHT

| Selected Event | Image | Page Count |
| --- | --- | --- |
| 01/21/2016 Docket Sheet | Docket Sheet | 2 |

| Other Events on This Case | Image | Page Count |
| --- | --- | --- |
| 01/21/2016 Petition | Plaintiff's Original Petition | 18 |
| 01/21/2016 Case Information Sheet | Civil Case Information Sheet | 1 |
| 01/21/2016 Request | Request For Process | 2 |
| 01/27/2016 Issuance | Issuance | 1 |
| 01/27/2016 Issuance | Issuance | 1 |
| 01/27/2016 Letters | Letters | 1 |
| 01/27/2016 Letters | 2016.01.27 BLF to Clerk re additional fees.pdf | 1 |
| 01/28/2016 Issuance | Issuance | 1 |
| 01/28/2016 Letters | Letters | 1 |
| 02/16/2016 Officers Return | Citation Issued to Antone Jones on 01-27-16 | 3 |
| 02/29/2016 Officers Return | Citation Issued to Lexington Insurance Company on 01-28-16 | 3 |
| 03/21/2016 Answer/Contest/Response/Waiver | Original Answer | 7 |

| Other Images on This Case | Image | Page Count |
| --- | --- | --- |



Filed
1/21/2016 4:36:01 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

CAUSE NO. **16-DCV-229391**

| | | |
|---|---|---|
| LINDSEY DOUGLASS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| | § | Fort Bend County - 268th Judicial District Court |
| LEXINGTON INSURANCE COMPANY, | § | |
| ANTONE JONES and STEVELYN WRIGHT | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lindsey Douglass, hereinafter referred to as Plaintiff, complaining of Lexington Insurance Company ("Lexington"), Antone Jones ("Jones") and Stevelyn Wright ("Wright") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.   Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.     Plaintiff is an individual residing in Fort Bend County, Texas.

3.      Defendant Lexington is a foreign insurance carrier authorized to engage in the business of insurance in the State of Texas. Defendant Lexington does not maintain an agent for service as required by the Texas Insurance Code §804.013(b). TEX.INS.CODE §804.103(c)(1), 982.001. Accordingly, Defendant Lexington may be served with process by serving the Texas Commissioner of Insurance, David Mattax, at 333 Guadalupe Street, Austin, Texas 78701, who can forward process to Lexington at its registered address, which is: Lexington Insurance Company, 99 High Street, Floor 23, Boston, Massachusetts 02110-2378.

4.      Defendant Antone Jones is an individual residing in Texas and may be served with process at the following address: 2827 Colonel Court Drive, Richmond, Texas 77469.

5.      Defendant Stevelyn Wright is an individual residing in North Carolina and may be served with process at the following address: 11335 Celandine Court, Charlotte, North Carolina 28013.

6.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

7.      Plaintiff stipulates that the damages in this matter are between $100,000 and $200,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

8.      The court has jurisdiction over Defendant Lexington because this Defendant purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over Defendant Lexington will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

Plaintiff would show that Defendant Lexington has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that Defendant Lexington engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant. Furthermore, Plaintiff would show that Defendant Lexington engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in whole or in part in Texas, and recruits or has recruited Texas residents for employment inside or outside the state.

9.     The court has jurisdiction over Defendant Jones because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

10.     The court has jurisdiction over Defendant Wright because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV.
## VENUE

11.     Venue is proper in Fort Bend County, Texas, because the insured property giving rise to this cause of action is situated in Fort Bend County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## AGENCY AND *RESPONDENT SUPERIOR*

12.     Whenever in this petition it is alleged that Defendant Lexington did any act or omission, it is meant Defendant Lexington itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant Lexington or done in the normal routine, course and scope of the agency or employment of Defendant Lexington or its agents, officers, servants, employees, or representatives.

## VI.
## FACTS

13.     Plaintiff is the owner of a Homeowners Texas insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Lexington.   Plaintiff owns the insured property, which is specifically located at: 1903 Vince's Bridge, Sugar Land, Texas 77478 (hereinafter referred to as "the Property").

14.     Defendant Lexington sold the Policy insuring the Property to Plaintiff.

15.     On or about May 24, 2015, Plaintiff experienced a storm event which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant Lexington.   Plaintiff subsequently opened a claim and Defendant Lexington assigned Defendants Jones and Wright to adjust the claim.   Defendant Lexington wrongfully denied Plaintiff's claim and refused to issue a full and fair payment for the loss.

16.     Defendants Jones and Wright made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.   Defendant Jones and Defendant Wright failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of the Plaintiff's

claim.   Specifically, Defendants Jones and Wright conducted a substandard inspection and investigation of Plaintiff's Property evidence by Defendant Jones' estimate, which failed to include all of Plaintiff's storm damages noted upon inspection.   The damages Defendant Jones included in his estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained to the Property.   Defendant Jones failed to document damage to Plaintiff's roof as well as covered damage to Plaintiff's Property resulting in the under-estimation of Plaintiff's claim.   Additionally, despite obvious wind and hail damage, Defendant Jones and Wright misrepresented to Plaintiff that no damage was found to Plaintiff's roof.

17.   Defendant Wright failed to thoroughly review and properly supervise the work of Defendant Jones which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.   Defendant Jones and Defendant Wright wrongfully concluded that Plaintiff's claim fell under the Policy deductible by knowingly and intentionally overlooking clear and obvious damage to Plaintiff's Property.   Defendant Wright violated her duties to Plaintiff under the Texas Insurance Code by improperly relying on a biased and inadequate investigation and by refusing to provide a truthful basis in fact for Defendant Wright's decision to deny Plaintiff's claim.   Plaintiff was forced to retain the services of a public adjuster who began negotiations with Defendants on behalf of Plaintiff.   Plaintiff's public adjuster presented Defendants with a repair estimate, as well as photos, which Defendants ignored.   Defendant Wright refused to consider the evidence presented by Plaintiff, instead considering only the assessment prepared on behalf of Defendant Lexington.   As a result of Defendant Jones' and Defendant Wright's conduct, Plaintiff's claim was denied.

18.     Defendant Lexington failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss.    Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.    Defendant Lexington's conduct constitutes a breach of the insurance contract between Defendant Lexington and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property were not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.    Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.    Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

24.     Defendant Lexington failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

25.     Defendant Lexington failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. Defendant Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

26.     Defendant Lexington failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.     Specifically, Defendant Lexington has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.     Defendant Lexington's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX.INS.CODE §541.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Lexington, the liability of Defendant Lexington to pay the full claims in accordance with the terms of the Policy was reasonably clear.    However, Defendant Lexington has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant Lexington's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION

### A.     CAUSES OF ACTION AGAINST DEFENDANT JONES

#### i.     TEXAS INSURANCE CODE VIOLATIONS

30.     Defendant Jones' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.     TEX.INS.CODE §541.060(a).    All violations under this article are made actionable by TEX.INS.CODE §541.151.

31.     Defendant Jones is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Lexington, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

32.     Defendant Jones' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

33.     Defendant Jones' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

34.     The unfair settlement practice of Defendant Jones as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(3).

35.   Defendant Jones' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(4).

36.   Defendant Jones' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

37.   Defendant Jones' conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.   Defendant Jones refused to even offer more than his own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit.   TEX.INS.CODE §542.003(5).

## B.   CAUSES OF ACTION AGAINST DEFENDANT WRIGHT

### i.   TEXAS INSURANCE CODE VIOLATIONS

38.   Defendant Wright's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX.INS.CODE §541.060(a).   All violations under this article are made actionable by TEX.INS.CODE §541.151.

39.   Defendant Wright is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Lexington, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).   The term

"person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex.Ins.Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

40.    Defendant Wright's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(1).

41.    Defendant Wright's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    Tex.Ins.Code §541.060(2)(A).

42.    The unfair settlement practice of Defendant Wright as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(3).

43.    Defendant Wright's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a

reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

44.      Defendant Wright's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

45.      Defendant Wright's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Wright refused to even offer more than the grossly undervalued estimates prepared on behalf of Defendant despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX. INS. CODE §542.003(5).

### C.      CAUSES OF ACTION AGAINST DEFENDANT LEXINGTON

46.      Defendant Lexington is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

#### i.      BREACH OF CONTRACT

47.      Defendant Lexington's conduct constitutes a breach of the insurance contract made between Defendant Lexington and Plaintiff.

48.      Defendant Lexington's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Lexington insurance contract with Plaintiff.

ii.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR
       SETTLEMENT PRACTICES

49.    Defendant Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

50.    Defendant Lexington's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

51.    Defendant Lexington's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Lexington's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

52.    Defendant Lexington's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

53.    Defendant Lexington's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

54.     Defendant Lexington's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

55.     Defendant Lexington's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.     Defendant Lexington refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.     This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

### iv.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56.     Defendant Lexington's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.     All violations made under this article are made actionable by TEX.INS.CODE §542.060.

57.     Defendant Lexington's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

58.     Defendant Lexington's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

59.     Defendant Lexington's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims.  TEX.INS.CODE §541.058.

### v.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.     Defendant Lexington's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

61.     Defendant Lexington's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Lexington knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

### VIII.
### KNOWLEDGE

62.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### IX.
### DAMAGES

63.     Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

65.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have

---

been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

66.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

67.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

68.  For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

69.  Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

70.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

BARTON LAW FIRM

By: /s/ Daniel P. Barton
     DANIEL P. BARTON
     State Bar No.: 00789774
     WAYNE D. COLLINS
     State Bar No.: 00796384
     1201 Shepherd Drive
     Houston, Texas 77007
     (713) 227-4747- Telephone
     (713) 621-5900- Fax
     dbarton@bartonlawgroup.com
     wcollins@bartonlawgroup.com

     ATTORNEYS FOR PLAINTIFF

ROBERT D. GREEN & ASSOCIATES, P.C.

By: /s/ Robert D. Green
　　　ROBERT D. GREEN
　　　State Bar No.: 08368025
　　　HUNTER M. KLEIN
　　　State Bar No.: 24082117
　　　440 Louisiana Street, Suite 1930
　　　Houston, Texas 77002
　　　(713) 654-9222- Telephone
　　　(713) 654-2155- Fax
　　　green@grenntriallaw.com
　　　klein@greentriallaw.com

ATTORNEYS FOR PLAINTIFF

Filed
1/21/2016 4:36:01 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __16-DCV-229391__          COURT *(FOR CLERK USE ONLY):* _____

Fort Bend County - 268th Judicial District Court

STYLED Lindsey Douglass v. Lexington Insurance Company, Antone Jones and Stevelyn Wright

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Daniel P. Barton  **Email:** dbarton@bartonlawgroup.com  **Address:** 1201 Shepherd Dr.  **Telephone:** 713-227-4747  **City/State/Zip:** Houston, Texas 77007  **Fax:** 713-621-5900  **Signature:**  **State Bar No:** 00789774 | Plaintiff(s)/Petitioner(s): Lindsey Douglass  Defendant(s)/Respondent(s): Lexington Insurance Company  Antone Jones  Stevelyn Wright  [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other:  Additional Parties in Child Support Case:  Custodial Parent:  Non-Custodial Parent:  Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*  ☐ Consumer/DTPA  ☐ Debt/Contract  ☐ Fraud/Misrepresentation  ☐ Other Debt/Contract:  *Foreclosure*  ☐ Home Equity—Expedited  ☐ Other Foreclosure  ☐ Franchise  ☒ Insurance  ☐ Landlord/Tenant  ☐ Non-Competition  ☐ Partnership  ☐ Other Contract: | ☐ Assault/Battery  ☐ Construction  ☐ Defamation  *Malpractice*  ☐ Accounting  ☐ Legal  ☐ Medical  ☐ Other Professional Liability:  ☐ Motor Vehicle Accident  ☐ Premises  *Product Liability*  ☐ Asbestos/Silica  ☐ Other Product Liability List Product:  ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation  ☐ Partition  ☐ Quiet Title  ☐ Trespass to Try Title  ☐ Other Property:  **Related to Criminal Matters**  ☐ Expunction  ☐ Judgment Nisi  ☐ Non-Disclosure  ☐ Seizure/Forfeiture  ☐ Writ of Habeas Corpus— Pre-indictment  ☐ Other: | ☐ Annulment  ☐ Declare Marriage Void  *Divorce*  ☐ With Children  ☐ No Children  **Other Family Law**  ☐ Enforce Foreign Judgment  ☐ Habeas Corpus  ☐ Name Change  ☐ Protective Order  ☐ Removal of Disabilities of Minority  ☐ Other: | ☐ Enforcement  ☐ Modification—Custody  ☐ Modification—Other  **Title IV-D**  ☐ Enforcement/Modification  ☐ Paternity  ☐ Reciprocals (UIFSA)  ☐ Support Order  **Parent-Child Relationship**  ☐ Adoption/Adoption with Termination  ☐ Child Protection  ☐ Child Support  ☐ Custody or Visitation  ☐ Gestational Parenting  ☐ Grandparent Access  ☐ Parentage/Paternity  ☐ Termination of Parental Rights  ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination  ☐ Retaliation  ☐ Termination  ☐ Workers' Compensation  ☐ Other Employment: | ☐ Administrative Appeal  ☐ Antitrust/Unfair Competition  ☐ Code Violations  ☐ Foreign Judgment  ☐ Intellectual Property | ☐ Lawyer Discipline  ☐ Perpetuate Testimony  ☐ Securities/Stock  ☐ Tortious Interference  ☐ Other: |

| **Tax** | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal  ☐ Tax Delinquency  ☐ Other Tax | *Probate/Wills/Intestate Administration*  ☐ Dependent Administration  ☐ Independent Administration  ☐ Other Estate Proceedings | ☐ Guardianship—Adult  ☐ Guardianship—Minor  ☐ Mental Health  ☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court  ☐ Arbitration-related  ☐ Attachment  ☐ Bill of Review  ☐ Certiorari  ☐ Class Action | ☐ Declaratory Judgment  ☐ Garnishment  ☐ Interpleader  ☐ License  ☐ Mandamus  ☐ Post-judgment | ☐ Prejudgment Remedy  ☐ Protective Order  ☐ Receiver  ☐ Sequestration  ☐ Temporary Restraining Order/Injunction  ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Filed
2/16/2016 8:07:09 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

*CE FEE NOT COLLECTED*
*Y DISTRICT CLERK*

THE STATE OF TEXAS

CITATION

TO:   ANTONE JONES
      2827 COLONEL COURT DRIVE
      RICHMOND TX  77469

NOTICE:

     You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and ; PLAINTIFF'S ORIGINAL PETITION filed on ; **January 21, 2016**, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office. Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

     The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **January 21, 2016**. It bears cause number **16-DCV-229391** and is styled:

**LINDSEY DOUGLASS VS LEXINGTON INSURANCE COMPANY, ANTONE JONES AND STEVELYN WRIGHT**

     The name and address of the attorney for **PLAINTIFF** is:

**DANIEL PATRICK BARTON
BARTON LAW FIRM
1201 SHEPHERD DRIVE
HOUSTON TX  77007
713-227-4747**

     The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the ; PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

     If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of January, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
    Deputy District Clerk LESLIE MELGAR
    Telephone: (281) 633-7634

ORIGINAL

16-DCV-229391                              **268th Judicial District Court**
**Lindsey Douglass vs Lexington Insurance Company, Antone Jones And Stevelyn Wright**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _8th_ day of _February_ , 20_16_ , at _9_ o'clock _A_ M.
Executed at _2874 Colonel Court Drive, Richmond, TX 77469_ within the County of __
_Fort Bend_ , at _2:37_ o'clock _P_ M* on the _10th_ day of _
February_ , 20_16_, by delivering to the within named _Antone Jones_
, in person, a true copy of this citation together with
the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation
and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____ County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

"My name is _Joseph Masse_
                    (First, Middle, Last)

my date of birth is ████████ , and my address is ██████████████████████
                                                              (Street, City, Zip)
██████████████ .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _Fort Bend_ County, State of _Texas_ , on the
day of _10th February 2016_ .

_____
Declarant / Authorized Process Server

_SCH 3036,  exp: 01/30/16_
(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Antone Jones on 1/27/2016

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antone Jones
2827 Colonel Court Drive
Richmond, Tx. 77469

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  2/19/16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

42484 Z

3. Service Type
   ☐ Certified Mail®          ☐ Priority Mail Express™
   ☐ Registered              ☐ Return Receipt for Merchandise
   ☐ Insured Mail            ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 2870 0001 8238 9717

PS Form 3811, July 2013          Domestic Return Receipt

Filed
2/29/2016 10:42:05 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   LEXINGTON INSURANCE COMPANY
      WHO MAY BE SERVED BY SERVING THE TEXAS COMISSIONER OF INSURANCE AT:
      333 GUADALUPE STREET
      AUSTIN TX  78701
      WHO WILL THEN FORWARD A COPY TO THE DEFENDANT AT:
      99 HIGH STREET  FLOOR 23
      BOSTON MASS 02110-2378

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of
twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **January
21, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing same to:
District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street
address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of
the Courthouse building.

        The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend
County sitting in Richmond, Texas, and was filed on **January 21, 2016.** It bears cause number **16-DCV-
229391** and is styled:

**LINDSEY DOUGLASS VS LEXINGTON INSURANCE COMPANY, ANTONE JONES AND STEVELYN
WRIGHT**

        The name and address of the attorney for **PLAINTIFF** is:

**DANIEL PATRICK BARTON
BARTON LAW FIRM
1201 SHEPHERD DRIVE
HOUSTON TX  77007
713-227-4747**

        The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the
**PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

        If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said
Court, at Richmond, Texas, **on this the 28th day of January, 2016.**

                              DISTRICT CLERK ANNIE REBECCA ELLIOTT
                              **Fort Bend County, Texas**

                              By: _____
                                 Deputy District Clerk LESLIE MEDRAR
                                 Telephone: (281) 633-7634

ORIGINAL
ORIGINAL

16-DCV-229391                              **268th Judicial District Court**
**Lindsey Douglass vs Lexington Insurance Company, Antone Jones And Stevelyn Wright**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _8th_ day of _February_, 20_16_ at _9_ o'clock _A_.M.

Executed at _333 Guadalupe St., Austin, Tx. 78701_, within the County of __

_Travis_, at _10:00_ o'clock _A_ M* on the _11th_ day of _

_February_, 2016, by delivering to the within named _Lexington Insurance Company_

_by serving Registered Agent The Texas Commissioner of Insurance_ in person, a true copy of this citation together with

the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation

and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
                                    Name of Officer or Authorized Person

_____ County, Texas

By:_____
         Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Joseph Morse_,
                    (First, Middle, Last)

my date of birth is ███████████, and my address is ███████████████,
                                                                (Street, City, Zip)
██████████████████,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Travis_ County, State of _Texas_, on the

day of _11th of February 2016_

_____
         Declarant / Authorized Process Server

_SCH 3036_   _exp 9/30/16_
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to Lexington Insurance Company on 1/28/2016

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Lexington Insurance Company
The Texas Commissioner of Insurance
333 Guadalupe Street
Austin, Tx. 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

RECEIVED 2016

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

TEXAS DEPT. OF INSURANCE
MAIL SERVICES
42494-1

3. Service Type
   ☑ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☑ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)

7014 2870 0000 8238 9700

PS Form 3811, July 2013          Domestic Return Receipt

Filed
3/21/2016 4:00:22 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO. 16-DCV-229391

| | | |
|---|---|---|
| LINDSEY DOUGLASS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, | § | |
| ANTONE JONES AND STEVELYN | § | |
| WRIGHT, | § | |
| | § | |
| Defendants. | § | 268TH JUDICIAL DISTRICT |

## DEFENDANTS LEXINGTON INSURANCE COMPANY AND ANTONE JONES' PLEA IN ABATEMENT, ORIGINAL ANSWER and AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Lexington Insurance Company and Antone Jones file this their Verified Plea in Abatement, Original Answer and Affirmative Defenses and respectfully show the Court the following:

## I.
## PLEA IN ABATEMENT

1.1     The allegations against Defendants Lexington Insurance Company and Antone Jones (collectively, "Defendants") include violations of Chapters 541 of the TEXAS INSURANCE CODE.

1.2     Prior to seeking recovery under these provisions, Plaintiff was required to provide written notice to Defendants at least sixty (60) days before filing suit, advising Defendants of Plaintiff's specific complaint and amount of damages and expenses reasonably incurred in asserting the claim against Defendants.  *See* TEX. INS. CODE ANN. §541.154(a).  Defendant did not receive the statutory notice required by the TEXAS INSURANCE CODE.

1.3     Pursuant to §541.155(a) of the TEXAS INSURANCE CODE, Defendants file this plea in abatement to abate Plaintiff's actions until the sixtieth (60th) day after the date notice is received by Defendants in compliance with the TEXAS INSURANCE CODE.

1.4     Because Defendants' plea has been verified, this suit shall be automatically abated beginning on the 11th day after this plea in abatement is filed, absent the filing of a controverting affidavit.  If Plaintiff files a controverting affidavit, Defendants request a hearing on its request for abatement.

## II.
## ORIGINAL ANSWER

2.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

## III.
## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendants assert the following affirmative defenses:

3.1     Plaintiff has failed to satisfy all conditions precedent to filing its claims under the TEXAS INSURANCE CODE.  Plaintiff failed to give written notice to Defendants at least sixty (60) days before filing suit as required under section 541.154 of the TEXAS INSURANCE CODE.

3.2     Pleading further, Plaintiff fails to state a claim upon which relief may be granted.

3.3     Defendants will further show that Plaintiff failed to mitigate its damages.

3.4     Pleading further, Defendants did not breach any duties allegedly owed to Plaintiff and, at all times, acted reasonably and in good faith.

3.5    Pleading further, Defendants will show that Plaintiff's damages, if any, are unrelated to any act, error, or omission by Defendants, and that Defendants' actions were not the proximate or producing cause of any of Plaintiff's alleged damages.

3.6    Defendants further plead that Plaintiff's alleged damages are the result of an intervening, superseding, or independent cause for which Defendants have no responsibility.

3.7    Defendants assert their rights under the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICES & REMEDIES CODE, including but not limited to (1) the right to receive the appropriate credit, offset, or reduction in judgment based upon any settlement plaintiffs have made or may make with any other defendant or for any amount of money collected from any other defendant by settlement, compromise, or agreement, or in payment of any judgment entered in this case; and, (2) the right to a separate determination by the trier of fact of the percentage of responsibility of each named defendant, each settling person or entity, and each responsible third party.

3.8    Pleading further, Defendant Lexington asserts that it has not violated section 542 of the TEXAS INSURANCE CODE and have at all times complied with the time frame required under that statute.

3.9    Pleading further, as to Plaintiff's claims for a breach of duty of good faith and fair dealing, Defendant Lexington asserts that a bona fide dispute exists with respect to the policy of insurance issued to Plaintiff.  The existence of a bona fide dispute precludes any extra-contractual claims.

3.10    Defendants affirmatively plead that the damages sought by this lawsuit against Defendants are the result, in whole or in part, of pre-existing damages, of Plaintiff's property, or

complications of such damages, and are not the result of any act or omission on the part of Defendants.

3.11    Defendants assert Plaintiff is responsible for knowing, and is charged with full knowledge of all terms, conditions, exclusions and provisions of its insurance policy.

3.12    As a matter of law, Plaintiff has the burden of segregating its covered damages from its uncovered damages, including but not limited to, segregating alleged damage to the roof systems of Plaintiff's property and interior damage to Plaintiff's property caused by an excluded cause of loss from any damage which is caused by a covered cause of loss under the policy.

3.13    Defendants further assert that in the unlikely event they are held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, or its predecessor and/or subsequent or related provisions of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

3.14    Pleading further Defendants allege by way of affirmative defense that the imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

> Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.
>
> The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

3.15    Subject to these defenses, Defendants deny all allegations and demands strict proof by a preponderance of evidence.

3.16    Defendants are without knowledge or information sufficient to form a belief as to whether other defenses may apply in this matter.  Defendants expressly reserve their right to raise any additional defenses that may be revealed by investigation or discovery.

## IV.
## CONCLUSION AND PRAYER

Wherefore, premises considered, Defendants Lexington Insurance Company and Antone Jones pray that this matter be automatically abated until the sixtieth (60th) day after the date notice is received by Defendants in compliance with the TEXAS INSURANCE CODE §541.154(a), that Plaintiff take nothing by her suit, and for such other further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

By:     _/s/ Jennifer M. Kearns_____
**Jennifer M. Kearns**
State Bar No. 24049865
Thompson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, Texas  78701
Telephone:  (512) 703-5032
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANTS**
**LEXINGTON INSURANCE COMPANY and**
**ANTONE JONES**

2391107v1
07542.057

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ST day of March, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties in accordance with the Texas Rules of Civil Procedure:

Daniel P. Barton
dbarton@bartonlawgroup.com
Wayne D. Collins
wcollins@bartonlawgroup.com
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007

Robert D. Green
green@greentriallaw.com
Hunter M. Klein
klein@greentriallaw.com
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana Street, Suite 1930
Houston, Texas 77002

/s/ *Jennifer M. Kearns*
Jennifer M. Kearns

CAUSE NO. 16-DCV-229391

| | | |
|---|---|---|
| LINDSEY DOUGLASS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, | § | |
| ANTONE JONES AND STEVELYN | § | |
| WRIGHT, | § | |
| | § | |
| Defendants. | § | 268TH JUDICIAL DISTRICT |

## AFFIDAVIT OF JENNIFER M. KEARNS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

Before me, the undersigned notary, on this day personally appeared Jennifer M. Kearns who, after being duly sworn upon his oath, stated as follows:

1.      "My name is Jennifer M. Kearns.  I am over the age of 21, of sound mind, and am otherwise competent to make this affidavit.  I have not been convicted of a felony or a crime of moral turpitude.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am an attorney at Thompson, Coe, Cousins, & Irons, L.L.P., counsel for Defendants Lexington Insurance Company and Antone Jones ("Defendants").  I am responsible for the day-to-day handling of this matter on behalf of Defendants.

3.      I have read the foregoing Verified Plea in Abatement, and the factual statements contained therein are within my personal knowledge and are true and correct."

Further affiant sayeth not.

_Jennifer M. Kearns_
Jennifer M. Kearns

Subscribed and sworn to, before me, on this 21st day of March, 2016.

_Cindy T. Buzan_
Notary Public in and for the
State of Texas



CINDY T. BUZAN
ID # 384201-5
My Comm. Exp. Mar. 07, 2017